UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ABU ELREICH,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYMO LLC, and UBER TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No.  1:25-cv-00814-JLT-HBK<br><br>ORDER STRIKING FILING AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS<br><br>(Docs. 52, 59) |

On January 20, 2026, Defendants Uber Technologies, Inc. and Waymo LLC filed motions to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 33, 36). Plaintiff filed a timely consolidated opposition on February 13, 2026 (Doc. 42), and Defendants respectively filed replies. (Docs. 46, 49).

On March 5, 2026, Plaintiff filed a Notice of Supplemental Authority (Doc. 52), to which Defendant Uber objected (Doc. 55), and Plaintiff replied (Doc. 58). On April 13, 2026, Plaintiff filed a motion for leave to file supplemental exhibits in support of his opposition to the pending motions to dismiss. (Doc. 59). Defendant Uber filed an opposition, (Doc. 62), and Plaintiff replied. (Doc. 65).

Plaintiff contends that the supplemental filings do not amend the operative complaint, nor do they introduce new claims or arguments, but instead provide "supporting explanations and illustrations related to arguments already presented" in his opposition, and that Defendants will

not be prejudiced.  (Doc. 59 at 1).  Uber argues that the filings are procedurally improper and constitute an end-run around the prohibition on sur-replies.  (Docs. 55, 62).  Plaintiff disputes Uber's characterization, asserting that he is not rearguing legal issues but providing relevant exhibits necessary to support the record.  (Doc. 65 at 1).  Plaintiff further argues that courts favor decisions on a complete record, that he is acting in good faith, and Defendant will not be prejudiced if the exhibits are permitted.  (*Id.* at 1-2).

The proposed exhibits are improper regardless of whether the Court construes them as a sur-reply or supplemental filing.  First, parties do not have a right to file sur-replies.  *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016).  Indeed, courts view them with disfavor and permit them only where a valid reason for additional briefing is necessary, such as when a movant raises new arguments in their reply.  *Id.* at 1134.  Defendants do not raise new arguments in their replies.

Alternatively, when ruling on a motion to dismiss, "the Court may not consider . . . exhibits that Plaintiff has attached to its opposition."  *Bd. of Trs. of the Bay Area Roofers Health & Welfare Tr. Fund v. Gudgel Yancey Roofing Inc.*, 225 F. Supp. 3d 1106, 1114 (N.D. Cal. 2016) (citation omitted); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original) (internal quotation marks and citation omitted).  Thus, it would be futile to allow these exhibits to be filed when they cannot be considered.  *See Lucero v. Mangas*, No. 2:25-CV-1079 DC AC (PS), 2025 WL 2083289, at *4 (E.D. Cal. July 24, 2025) (denying request to file evidence "because evidence outside the complaint is not considered on a motion to dismiss.").

Even if Plaintiff sought leave to supplement the operative complaint rather than his opposition, granting such leave would appear improper.  Under Federal Rule of Civil Procedure 15(d), a court may permit a party to file a supplemental pleading addressing events occurring after the date of the pleading to be supplemented.  Fed. R. Civ. P. 15(d) (emphasis added). Plaintiff does not contend that the proposed supplementation concerns events occurring after the

filing of the operative complaint.  Instead, Plaintiff states that the purpose of supplementation is to further elaborate on previously presented matters.  Thus, the proposed supplementation appears to rely on facts that predate the operative complaint and were available to Plaintiff at that time, rendering supplementation improper under Rule 15(d).  *See Corigliano v. Classic Motors Inc.*, No. 2:15-cv-004579-ODW-PLA, 2016 WL 3660114, at *2 (C.D. Cal. July 6, 2016) (rejecting a request to supplement complaint where the proffered material did not present new facts arising after the pleading, but instead summarized facts already available to the plaintiff).

Accordingly, it is ORDERED:

1. The Clerk shall STRIKE Plaintiff's Notice of Supplemental Authority (Doc. 52).

2. Plaintiff's motion for leave to file supplemental exhibits (Doc. 59) is DENIED.

Dated:   May 21, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3