UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ABU ELREICH, | Case No. 1:25-cv-00814-JLT-HBK |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDICIAL NOTICE |
| v. | (Doc. 33-1) |
| WAYMO, LLC and UBER TECHNOLOGIES, INC., | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS UBER TECHNOLOGIES, INC. AND WAYMO, LLC'S MOTIONS TO DISMISS PURSUANT TO FED.R.CIV. P. 12(b)(6) AND TO MOOT DEFENDANT WAYMO, LLC'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1915(e)(2).[1] |
| Defendants. | |
| | (Docs. 33, 36, 37) |
| | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court are: (1) Defendant Uber Technologies, Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and its Request for Judicial Notice. (Docs. 33, 33-1); and (2) Defendant Waymo, LLC's Motion to Dismiss under Rule 12(b)(6), which includes a Notice of Joinder joining Uber's Motion to Dismiss. (Doc. 36), as well as Waymo's separate Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 37). On February 13, 2026,

---

[1] This motion was referred by the district court for a preparation of a findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (Doc. 10).

Plaintiff filed a consolidated opposition to the Rule 12(b)(6) Motions to Dismiss.  (Doc. 42).  On February 27, 2026, Defendants filed their replies.  (Docs. 46, 48, 49).

The Court has determined the Motions suitable for decision based on the papers under Local Rule 230(g).  (Doc. 44).  For the reasons below, the undersigned grants the Request for Judicial Notice and recommends that the district court: (1) grant Uber's Motion to Dismiss; (2) grant Waymo's Rule 12(b)(6) Motion to Dismiss joining Uber's Motion to Dismiss; (3) dismiss Plaintiff's First Amended Complaint without further leave to amend; and (4) deem moot Waymo's Motion to Dismiss under 28 U.S.C. § 1915(e)(2).

I.      BACKGROUND

Plaintiff Ahmad Abu Elreich proceeds on his First Amended Complaint ("FAC"), filed July 30, 2025, alleging that Defendants infringed United States Patent No. 11,577,691 ("the '691 Patent").  (Doc. 11).  Defendants move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that all claims of the '691 Patent are directed to patent ineligible subject matter under 35 U.S.C. § 101.  (Docs. 33, 36).[2]  Uber requests judicial notice of the '691 Patent[3] and attaches it as Exhibit A.  (Docs. 33-1, 33-2).

Federal Rule of Evidence 201 allows judicial notice of adjudicative facts not subject to reasonable dispute because they are generally known within the court's jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party, and "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  Courts may take judicial notice of patents as matters of public record.  *Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 942 n.4 (E.D. Cal. 2021).  The '691 Patent is central to the FAC's infringement claim; the FAC

---

[2] In addition to the patent-ineligibility argument, both Uber and Waymo contend that the FAC fails to allege facts sufficient to establish the essential elements of direct patent infringement.  (Docs. 33, 36)  Waymo also separately moves to dismiss under 28 U.S.C. § 1915(e)(2). (Doc. 37).  Because the Court concludes that the '691 Patent is ineligible for protection and that dismissal without leave to amend is warranted, it does not address these additional arguments.

[3] The FAC states that a copy of the '691 Patent is attached as an exhibit, but none is attached.  (*Id.* at 8).

2

repeatedly references it and states that it would be attached as an exhibit.  Plaintiff does not contest the request or the exhibit's authenticity.  (*See* Doc. 42).  The Court grants judicial notice of the existence and contents of the '691 Patent as permitted by law.

A.   '691 Patent

The '691 Patent is "[a] method for effective vehicle identification and communication between riders of transportation network company (TNC), and the vehicles that are being designated to the riders."  (Doc. 33-2 at 2, Abstract).  There are nine claims in the '691 Patent. (*Id*. at 14, What is claimed).   Claim 1 states:

1. A vehicle identification method for riders, the method comprising:

(A) providing at least one rider account managed by at least one remote server, wherein the rider account is associated with a rider personal computing (PC) device;

(B) providing at least one vehicle account managed by the remote server, wherein the vehicle account is associated to a vehicle identifier (ID), and wherein the vehicle account is associated with a vehicle display device;

(C) receiving a confirmation notification from the rider account by the remote server, wherein the confirmation notification includes an identifier token, wherein the identifier token includes an authentication key;

(D) providing at least one operator account managed by the remote server, wherein the operator account is associated with an operator PC device;

(E) receiving the confirmation notification by the operator PC device;

(F) generating an authentication query based on the confirmation notification by the operator PC device;

(G) transmitting the authentication query to the rider PC device from the remote server when the rider PC device is at a predefined distance from the operator PC device;

(H) prompting to accept the authentication query by the rider PC device if the authentication query includes the authentication key;

(I)  visually outputting the identifier token on the vehicle display device;

(J)  visually outputting the identifier token on the rider PC device; and

3

(K) prompting to select at least one desired action from a plurality of rider actions through the rider PC device.

(*Id*.).  Claims 2 through 9 incorporate Claim 1.

B.   The Operative Complaint

The FAC does not identify which specific '691 Patent claims are asserted and alleges both Uber and Waymo infringe the '691 Patent by deploying systems that perform patented steps of the '691 Patent, including: (1) assigning vehicles to riders using visual identification displays or digital confirmations; (2) sending authentication tokens or vehicle identifiers; (3) allowing riders to trigger sound or horn signals to confirm vehicle arrival; (4) matching users and vehicles based on transmitted cryptographic or secure data; and (5) allowing riders to remotely unlock doors through the Uber app.  (Doc. 11 at 9).  The FAC further alleges that, on information and belief, Uber's executives have acknowledged in interviews and internal communications that Uber's mobile application and platform incorporate the patented vehicle identification and rider authentication methods covered by the '691 Patent, including secure token transmission, vehicle-rider matching via digital displays or signs, remote unlocking of vehicles, and "honk" features consistent with the patented system.  (*Id.*).

II.   RULE 12(b)(6) MOTION TO DISMISS PATENT ELIGIBILITY

A motion brought under Rule 12(b)(6) tests the legal sufficiency of the claims. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal is appropriate where there is either a lack of a cognizable legal theory or insufficient factual allegations to support a cognizable legal theory.  *Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Rule 12(b)(6) focuses on the sufficiency of a claim, rather than its substantive merits, "a court may [generally] look only at the face of the complaint to decide a motion to dismiss."  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Although review is generally confined to the pleadings, documents attached to the complaint are considered part of the complaint and may be evaluated in ruling on a Rule 12(b)(6) motion.

4

*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (recognizing that courts may consider documents attached to or incorporated in reference in the complaint without converting the motion into one under Rule 56).

In addition, the Court may take judicial notice of matters of public record and documents not attached to the complaint where the complaint necessarily relies in them, provided that (a) the complaint refers to the document, (b) the document is central to the claim, and (c) no party questions the document's authenticity. *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011)).

Generally, in resolving a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and determines whether they plausibly state a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011). To satisfy this plausibility standard, however, Rule 8 does not require a plaintiff to submit evidence of the claim at the pleading stage. *Berk v. Choy*, 607 U.S. at 3 (2026).

Because patent eligibility under § 101 is a question of law, it may be resolved at the pleading stage when no factual allegations, taken as true, preclude deciding eligibility as a matter of law. *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) (citations omitted); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019). The Federal Circuit has repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (citations omitted).

However, pursuant to 35 U.S.C. § 282, "[a] patent shall be presumed valid," requiring a party challenging particular claims to "overcome the presumption of validity in 35 U.S.C. § 282 by clear and convincing evidence." *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003). Courts in the Ninth Circuit are divided on whether this

5

heightened standard applies to a motion to dismiss under § 101. *Vineyard Investigations*, 510 F. Supp. 3d at 934 (comparing collected cases). The parties here do not address whether the moving party must establish invalidity by clear and convincing evidence at this stage.

Whether the clear and convincing standard applies on a motion to dismiss, "defendant's burden in seeking to dismiss plaintiff's claims based on patent ineligibility is high because of the Patent's presumptive validity." *Id*. (*quoting Boar's Head Corp. v. DirectApps, Inc*., No. 2:14-cv-01927-KJM-KJN, 2015 WL 4530596, at *3* (E.D. Cal. July 28, 2015). Nonetheless, in evaluating a § 101 ineligibility claim at the pleading stage, the Court must construe the patent claims in the light most favorable to Plaintiff. *Timeplay, Inc*., *v. Audience Entertainment LLC,* 2015 WL 9695321, at *5 (C.D. Cal. November 10, 2015).

III.    LEGAL STANDARD: PATENT INFRINGEMENT AND § 101

Section 101 of the Patent Act defines what subject matter is patent eligible. It provides "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. For more than 150 years, the Supreme Court has recognized an implicit exception to this provision: "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). These exclusions prevent monopolization of "basic tools of scientific and technological work," which could impede innovation. *Id.* (citations omitted).

At the same time, "too broad an interpretation of this exclusionary principle could eviscerate patent law," because "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 71, 132 S.Ct. 1289, 1293 (2012). An invention is not rendered ineligible simply because it involves an abstract concept, and applications of abstract concepts to a "new and useful end" remain eligible. *Alice*, 573 U.S. at 217 (citing *Diamond v. Diehr,* 450 U.S. 175, 187 (1981); quoting *Gottschalk v. Benson,* 409 U.S. 63, 67 (1972)). Court must distinguish between patents claiming the "building blocks" of human ingenuity and those that integrate the building blocks into something more, thereby transforming them into patent-

6

eligible invention. *Alice*, 573 U.S. at 217 (quoting *Mayo*, 1323 S.Ct. at 1294, 1303).

To make this distinction, federal courts use a two-step framework. First, courts determine whether the claims at issue are directed to a patent-ineligible concept. *Alice*, 573 U.S. at 217 (citing *Mayo*, 132 S.Ct. at 1296-97). If so, the second step asks whether elements, individually and as an ordered combination, add an "inventive concept" that transforms the claim into a patent-eligible application. *Id.* at 217-18 (quoting *Mayo*, 132 S.Ct. at 1294, 1296-97).

IV.    DISCUSSION

A. Parties' Arguments

Uber submits that Claim 1 is the only independent claim and that the other eight claims are dependent on Claim 1 and thus include all of Claim 1's limitations. (*Id.* at 10, 18-19). Uber asserts the '691 Patent claims are computerized analogues of long-standing taxi or car service practices and are not eligible for patent protection under § 101 because the claims are directed to methods of organizing human activity, which are not patentable. (Doc. 33 at 7-8, 13-14). Uber relies on *Rideshare Displays, Inc. v. Lyft, Inc.*, 2025 WL 2751580 (Fed. Cir. Sept. 29, 2025), *cert denied* ___ S.Ct. ___, 2026 WL 1377032 (May 18, 2026), which it contends is dispositive. (*Id.*at 8, 15-19).

Plaintiff asserts that the '691 Patent is novel and non-obvious and is eligible for patent protection because it is software that improves safety, network efficiency, and hardware operations. (Doc. 42 at 1, 3-4). He argues that Uber's taxi analogy fails because taxis use human dispatch while rideshare apps are fully automated, and the '691 Patent hides rider information and implements cryptographic authentication, offering a level of safety that is not present in taxi rider identification. (*Id.* at 3). Plaintiff does not dispute that Claim 1 is the only independent claim and identifies only Claim 1 as relevant to his opposition. (*Id.* at 1-2). Plaintiff also does not dispute the applicability of *Rideshare Displays*.

A.    Claim 1 is Independent and Representative

Courts may treat one claim as representative where all challenged claims are substantially similar, relate to the same abstract idea, and no other claim adds an inventive concept that would change the eligibility analysis. *Content Extraction & Transmission LLC v. Wells Fargo Bank,*

7

*Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).  Once the accused infringer makes a prima facie showing of representativeness, the burden shifts to the patentee to present a non-frivolous argument that the identified claim does not fairly represent all asserted claims.  *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291-92 (Fed. Cir. 2024).

In the present case, Defendant Uber explains that Claims 2-9 "recite additional details about transmitting information between rider and driver, obtaining rider or driver information, or outputting information," and merely "add trivial variations of the abstract idea" but do not change the asserted claims' focus. (Doc. 33 at 18).  This showing is sufficient at the pleadings stage to demonstrate that the group of claims is "substantially similar and linked to the same" ineligible concept. *Mobile Acuity Ltd.*, 110 F.4th at 1290.  Plaintiff neither disputes Defendant's assertion of representativeness nor identifies any limitation in another claim that would materially alter the eligibility analysis.  Because Plaintiff failed to carry that burden, the Court treats Claims 2-9 of the '619 Patent as representative and dependent for purposes of the section 101 analysis

B.    *Alice/Mayo* Step One

"To determine whether a claim is 'directed to' a patent ineligible concept, we evaluate 'the focus of the claimed advance over the prior art to determine if the claim's character as a whole is directed to excluded subject matter.'" *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361 (Fed. Cir. 2023) (quoting *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021).  At step one, courts ask whether the claims focus on a specific means or method that improves the relevant technology or, instead, claim a result or effect that itself is the abstract idea and merely invoke generic processes and machinery.  *EcoServices, LLC v. Certified Aviation Servs., LLC*, 830 F. App'x 634, 642 (Fed. Cir. 2020) (quoting *Cardionet, LLC v. Infobionic, Inc.*, 955 F.3d 1358, 1368 (Fed. Cir. 2020)).  Methods of organizing human activity "fall squarely within the realm of abstract ideas." *Alice*, 573 U.S. at 221.  The §101 inquiry focuses on the language of the asserted claims. *Geoscope Techs. Pte. Ltd. v. Google LLC*, No. 2024-1003, 2025 WL 1276235, at *4 (Fed. Cir. May 2, 2025) (quoting *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019).  The patent's written description also illuminates what the claims are directed to. *EcoServices*, 830 F. App'x at 642 (quoting

8

*Cardionet*, 955 F.3d at 1346).

At step one of the *Alice/Mayo* framework, the Court must determine whether the claims are "directed to" a patent-ineligible concept such as an abstract idea, law of nature, or natural phenomenon.  Claim 1 recites four functional groupings at Steps A through K: (1) establishing rider, vehicle, and operator accounts; (2) transmitting and receiving confirmation and authentication messages among those accounts; (3) displaying information identifying the rider; and (4) prompting the rider to select an action.  Viewed as a whole, these Steps merely computerize the longstanding human practice of identifying a person, confirming authorization, and recording a selected course of action, which falls squarely within the "certain methods of organizing human activity" category of abstract ideas recognized in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), and *Bilski v. Kappos*, 561 U.S. 593, 612 (2010).

The Federal Circuit recently considered patents "directed to 'a system and method for vehicle identification' that allows users of ridesharing apps to verify that they are getting in the correct cars, and for drivers to verify that they are picking up the correct riders." *Rideshare Displays*, 2025 WL 2751580, at *1 (Fed. Cir. Sept. 29, 2025), *cert. denied*, -- S.Ct. --, 2026 WL 1377032 (May 18, 2026).  The court agreed with the Patent Trial and Appeal Board that the claims were "directed to an abstract idea, a patent-ineligible concept, under step one of the *Alice* framework, namely a method of organizing human activity." *Id.* at *6.  *See also Innovaport LLC v. Target Corp.*, No. 2024-1545, 2026 WL 321266, at *6 (Fed. Cir. Feb. 6, 2026) (holding that "help a user find the right item in a physical environment using a mobile device and suggestions" is an abstract organizing-human-activity concept implemented with routine location, messaging, and display functions.).

Moreover, Claim 1 "invoke[s] generic processes and machinery." *See EcoServices*, 830 F. App'x at 642 (citation omitted).  It relies on generic technological terms such as "remote server," "identifier token," and "authentication key" without explaining how they improve the relevant technology.  As in *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611-12 (Fed. Cir. 2016), such terms merely provide a generic environment in which the abstract idea is implemented, which is insufficient at step one.  *See also Two-Way Media Ltd. v. Comcast Cable*

*Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) (explaining that to meet section 101 claims cannot simply recite "generic functional language to achieve ... purported solutions").

The asserted claim also uses "result-focused functional language" without specifying "how the purported invention achieves those results," an approach "almost always found to be ineligible for patenting under Section 101." *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1356 (Fed. Cir. 2024) (citing *Elec. Power Grp. LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed Cir. 2016)). Claim 1, for example, recites "receiving the confirmation notification" and "generating an authentication query" without explaining how those steps are achieved. (Doc. 33-2 at 14). Thus, Claim 1 does not satisfy *Alice/Mayo* step one. *See Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020) ("We have held that it is not enough . . . to merely improve a fundamental practice or abstract process by invoking a computer merely as a tool.").

Accordingly, the '691 Patent's asserted claims are directed to an abstract idea and are ineligible under § 101.

C.    *Alice/Mayo* Step Two

Where a claim is directed to an abstract idea, it is eligible for patent protection only if it contains an "inventive concept." *Alice*, 573 U.S. at 221 (quoting *Mayo*, 132 S.Ct. at 1294). Whether a combination of claim limitations supplies an inventive concept that renders a claim "significantly more" than the abstract idea is a question of law informed by underlying factual determinations, such as whether a limitation or combination is well-understood, routine, and conventional. *Beteiro*, 104 F.4th at 1357 (quoting *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018)). Attempts to limit use of the abstract idea to a particular technological environment are insufficient. *Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, 193 F. Supp. 3d 1069, 1083 (N.D. Cal. 2016), *aff'd*, 684 F. App'x 971 (Fed. Cir. 2017) (quoting *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014)). Thus, under *Alice* step two, the question for the Court is whether the elements of Claim 1, individually and as an ordered combination, supply an "innovative concept" that transforms the abstract idea identified at step one into a patent eligible application by adding "significantly more" than the idea itself.

The '691 Patent does not claim an improvement in computer or technological functionality, novel hardware, computing components, or technological arrangements.  Instead, the recited rider, vehicle, and operator "accounts" (Steps A, B, D) are nothing more than conventional data records managed on a remote server; the confirmation notification and authentication query (Steps C, E, F, G, H) merely use generic messaging and conditional logic to exchange and validate an identifier token and authentication key between standard PC/mobile devices; and the visual output of the identifier token and rider-action prompts (Steps I, J, K) rely on routine display and user-interface functions.  These features implemented on generic mobile devices and servers, without more, do not furnish the required inventive concept.  *See Alice*, 573 U.S. 208, and *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012) (steps that merely instruct the practitioner to implement the abstract method of organizing and confirming human interactions on conventional computer components and networks, rather than improving computer technology or any other technical field fail to "transform" the ineligible concept into a patent-eligible invention).

As the Federal Circuit held in *Rideshare Displays,* merely using mobile devices and networked displays to streamline the conventional practice of identifying riders, which had previously been done with hand-written signs, does not amount to technological improvement, but instead "uses technology as a tool to streamline the process of what is normally accomplished" by human activity.  2025 WL 2751580 *6.  Similar to *Rideshare Displays*, the claims here at most improve the convenience and user experience of matching a rider with a vehicle in a crowded environment; they do not "fundamentally alter or improve the way the technology itself functions" and therefore do not provide an inventive concept under *Alice/Mayo* step two.  *See also Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020) ("[I]mproving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality" or the functionality of the "network platform itself.").  Thus, the automation of known steps confirming a rider's identity, ensuring proximity, and presenting options to the rider without changing how the underlying computer, network, or authentication technologies function is insufficient to

11

amount to "significantly more" than the abstract idea itself.

Accordingly, when considered individually and as an ordered combination, the additional elements of Claim 1 lack an innovative concept under *Alice/Mayo* step two and remains ineligible under 35 U.S.C. § 101.

Accordingly, the undersigned finds that Claim 1 of the '691 Patent, of which the remaining eight claims are dependent, is directed to a patent-ineligible abstract idea and is not an inventive concept.

## V.      LEAVE TO AMEND

Courts ordinarily grant leave to amend freely, considering factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility.  *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019); *Moore v. Kayport Package Express,* 885 F.2d 531, 538 (9th Cir. 1989).  Courts deny leave to amend based on futility after a determination of patent ineligibility under § 101.  *US Pat. No. 7,679,637 LLC v. Google LLC*, 713 F. Supp. 3d 1024, 1041 (W.D. Wash. 2024), *aff'd,* 164 F.4th 1373 (Fed. Cir. 2026) (collecting cases).

Here, amendment would be futile because the deficiency lies in the '691 Patent itself, which cannot be rectified by amendment.  *Sanderling Mgmt. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023) ("[n]o amendment to a complaint can alter what a patent itself states.").

## VI.  ORDER AND RECOMMENDATIONS

Accordingly, IT IS ORDERED:

The Court GRANTS Defendant Uber Technologies, Inc.'s Request for Judicial Notice (Doc. 33-1) and takes judicial notice of the '691 Patent (Do. 33-2).

It is further RECOMMENDED that:

1.      Defendant Uber Technologies, Inc.'s Motion to Dismiss (Doc. 33) be GRANTED.

2.      Defendant Waymo, LLC's Motion to Dismiss under Rule 12(b)(6) joining Uber's Motion to Dismiss (Doc. 36) be GRANTED.

3.      Defendant Waymo, LLC's Motion to Dismiss under 28 U.S.C. § 1915(e)(2) (Doc. 37) be deemed MOOT.

4.    Plaintiff's First Amended Complaint (Doc. 11) be DISMISSED without further leave to amend.

5.    The Clerk of Court be directed to CLOSE this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.


Dated:    June 22, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

13