Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

UNITED STATES DISTRICT COURT

FILED

EASTERN DISTRICT OF CALIFORNIA

JUL 06 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

FRESNO DIVISION


AHMAD ABU ELREICH,

Plaintiff,


v.


WAYMO LLC and UBER TECHNOLOGIES, INC.,

Defendants.


Case No.: 1:25-cv-00814-JLT-HBK


---


PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
(DOC. 70)


TO THE HONORABLE JENNIFER L. THURSTON:


Plaintiff Ahmad Abu Elreich, proceeding pro se, submits these objections to the Magistrate
Judge's Findings and Recommendations (Doc. 70) under Federal Rule of Civil Procedure
72(b)(2) and 28 U.S.C. § 636(b)(1).


Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) —
Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

---

INTRODUCTION

I am a U.S. inventor with seven inventions and three granted patents. My '691 Patent covers a system that replaced the traditional username and password model with identifier tokens and authentication keys — machine-to-machine digital verification that no human can perform.

I have filed my patents in over 40 countries so that my Central Valley hub can export to the world — made in USA, creating American jobs, and competing globally with innovation, not cheap labor.

Uber did not just infringe my patents. They filed their own patents on the same technology. They told the USPTO that this technology is novel, non-obvious, and patentable. They built their networks using token-based authentication. They spent millions of dollars developing dedicated hardware — beacons, secure enclaves, and authentication chips. They publicly admitted in their own engineering blogs that token-based authentication solved critical security, cost, user experience, and system reliability problems in their networks.

Now they come to court and say the same technology is abstract. That is like saying: Because humans fly in airplanes, humans must have wings like birds and can fly. It is not true. It defies logic. It contradicts Uber's own admissions.

The Magistrate Judge adopted this absurd argument. She ignored Uber's own patents, Uber's own engineering blogs, the USPTO examiners who found Plaintiff's patent patentable, and the safety crisis that Plaintiff's invention solves.

For seven years, I have been fighting to build this technology — to save drivers' jobs, to build a technology hub in Central Valley, and to protect American innovation. I filed my

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

patents in over forty countries so that Central Valley could export to the world — made in USA, creating American jobs.

But I have not stopped fighting. The District Judge should not make the same mistake.

---

LEGAL FRAMEWORK

Before presenting my objections, I set forth the legal framework that governs this case:

First, under Enfish, LLC v. Microsoft Corp., 822 F.3d 1327 (Fed. Cir. 2016), software that improves computer functionality is patent-eligible. The court recognized that "software can nonetheless make non-abstract improvements to computer technology just as hardware can."

Second, under DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245 (Fed. Cir. 2014), claims addressing a problem "necessarily rooted in computer technology" are patent-eligible. Plaintiff's patent solves a problem necessarily rooted in computer technology: how to securely authenticate a rider and vehicle in a distributed ride-share environment using cryptographic keys and geospatial proximity triggers.

Third, the USPTO's August 2025 Memorandum explicitly states that the "mental process" category of abstract ideas does not include "claim limitations that cannot practically be performed in the human mind." Generating cryptographic tokens and authentication keys cannot be performed in the human mind. No human can generate a cryptographic key with pen and paper.

Fourth, under Berkheimer v. HP Inc., 881 F.3d 1360 (Fed. Cir. 2018), whether a claim element is "well-understood, routine, and conventional" is a question of fact. The

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

Defendants submitted no evidence — no expert declarations, no prior art references —
that cryptographic authentication keys and geospatial proximity triggers were well-
understood, routine, and conventional in 2019. This factual dispute must go to a jury, not
be decided on a motion to dismiss.

---

OBJECTIONS

OBJECTION 1: The Magistrate Ignored the Core of the Invention

The Magistrate compared Plaintiff's invention to a visual picture or a name on paper. This is
false. Plaintiff's invention is token-based authentication. The identifier token is a digital
credential that contains a cryptographic authentication key. It is not a picture. It is not a
name. It is a cryptographic key that enables secure, machine-to-machine verification.

The token talks to the server, hides rider identity, calculates distance, unlocks doors, starts
trips, records trips for safety, enables emergency alerts, and provides audio tokens for blind
riders. The authentication key is unique per ride, verified digitally, cannot be copied, and
cannot be generated by a human.

A picture of a cat or dog cannot do any of these things.

The Magistrate ignored the core of the invention.

---

OBJECTION 2: The Magistrate Ignored Plaintiff's Main Arguments About the Taxi Example
and Mischaracterized Them

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) —
Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

The Magistrate stated that Plaintiff's reply was about "the difference between taxi and Uber." This is false. Plaintiff did not compare taxis to ride-share. He criticized the taxi example for safety reasons.

When you ask a driver to write a rider's name on paper, you expose the rider's private data to the public. A fake rider can claim the name and enter the car. An inexperienced driver will take off with the fake rider. The driver may be kidnapped or killed.

Plaintiff filed a motion asking permission to file additional exhibits. In that motion, Plaintiff used the taxi example as a sample to explain the type of evidence he wanted to file. The Magistrate called the taxi example "old" — meaning she understood the argument. Then she mischaracterized it in her recommendation, saying Plaintiff "compared" his invention to a taxi. Plaintiff did not compare his invention to a taxi. He criticized the taxi example to show why his invention is needed.

The Magistrate cannot say the argument was "old" (she understood it) and then mischaracterize it.

---

OBJECTION 3: The Magistrate Contradicted Herself — Rejected "Old" Evidence AND Rejected "New" Evidence

The Magistrate created an impossible trap. First, Plaintiff tried to file additional exhibits explaining the taxi example. The Magistrate said this was "old argument" — rejecting them. Second, Plaintiff discovered Uber's four patents after his opposition and tried to file them as new evidence. The Magistrate said Plaintiff "should have filed them earlier" — rejecting them as too new.

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

She rejected evidence for being too old AND too new. This creates an impossible trap: no evidence is ever acceptable.

The Magistrate cannot have it both ways.

---

OBJECTION 4: The Magistrate Misapplied Rideshare Displays and Signage Patents

The Magistrate adopted Uber's argument based on Rideshare Displays. But Rideshare Displays is about visual signage — icons, codes, names displayed on a screen. It is visual verification. Plaintiff's patent is digital verification — cryptographic keys, server authentication, machine-to-machine handshakes.

Rideshare Display or Waymo signage sends a picture or sign that can be copied by a fake rider in less than a minute using an AI app on their phone. A fake rider sees a picture of a cat or dog on the vehicle signage. The fake rider opens an AI app, copies the picture in less than a minute, and shows it to the driver. The driver sees the picture and believes the fake rider is the real rider. The fake rider gets in the car. The driver may be kidnapped or killed.

The same thing can happen with a fake driver. A fake driver sees a picture displayed on another driver's vehicle signage. The fake driver copies the same picture using AI and displays it on their own vehicle signage. A real rider sees the fake driver's vehicle first and gets in the car. The rider may be kidnapped or killed.

This is visual verification. It can be faked by AI. It is unsafe.

This cannot happen with Plaintiff's token-based authentication. Plaintiff's system uses an identifier token that hides rider identity and an authentication key that must be verified by the server. The trip starts only after digital verification is complete. A fake rider cannot copy

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

the key. A fake rider cannot bluff the server. A fake rider cannot perform a digital handshake.

Visual verification can be faked by AI. Digital verification cannot be faked.

---

OBJECTION 5: The Magistrate Contradicted Herself — "Abstract" vs. "Not Intuitive"

The Magistrate made two contradictory statements. First, she said: "A human can do what your patent does with pen and paper." Second, she said: "The patent is not intuitive — you did not show how the identifier token and authentication key are generated."

These statements cannot both be true. Generating cryptographic tokens and authentication keys requires a computer. No human can generate a cryptographic token with pen and paper. No human can generate an authentication key with pen and paper.

The Magistrate demanded an explanation of how tokens are generated. That proves generating tokens is a technical process that requires a computer. Her own demand for an explanation proves her "abstract idea" finding is wrong.

The Magistrate cannot have it both ways.

---

OBJECTION 6: The Magistrate Ignored the Safety Crisis — Sami's Law

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

$8/15$

Plaintiff's invention solves a real-world safety crisis. The Magistrate ignored this. She ignored the victims. She ignored the law.

Sami was a law student who ordered an Uber. A fake driver picked her up. She was kidnapped, assaulted, and killed. Her body was thrown in the woods. This incident created Sami's Law. The law is named after her. This happened because there was no way to verify who was entering the car.

A mother of four, working as a driver, picked up a fake rider. She was kidnapped and shot on camera. She begged for her life on video. This happened because there was no way to verify who was entering the car.

Countless drivers and riders have been killed because there was no way to verify who was entering the car. Plaintiff's invention prevents these tragedies through digital verification.

The Magistrate ignored the victims. She ignored Sami's Law. She ignored the safety crisis.

---

OBJECTION 7: The Magistrate Ignored the Challenge to Uber and Waymo

Plaintiff challenges Uber and Waymo to unlock a self-driving car using only a visual token. They cannot. Plaintiff challenges them to start a trip using only a visual token. They cannot. This proves the invention is not abstract.

---

OBJECTION 8: The Magistrate Erred by Finding the Patent "Not Intuitive"

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

The Magistrate found Plaintiff's patent "not intuitive" because Plaintiff did not show how the identifier token and authentication key are generated. This is wrong.

First, the law does not require a patent to disclose every method of making every component. In Amgen Inc. v. Sanofi , 987 F.3d 1080 (Fed. Cir. 2021), the Federal Circuit held that "a patent need not disclose every method of making every component."

Second, keeping the claim broad was strategy — not weakness. There are at least eight methods to generate tokens. If Plaintiff narrowed the claim to one method, Uber could simply use a different method and avoid infringement.

Third, hardware tokens — FIDO, YubiKey, Secure Enclave, Titan M, Uber Beacon — do not generate new tokens. They store existing keys. That is exactly what Plaintiff's patent claims.

---

OBJECTION 9: The Magistrate Ignored the Emergency Alert Signage Claim

Plaintiff's patent has other independent claims — including a claim directed to displaying emergency alerts on signage. This claim involves physical hardware, real-time emergency alerts, driver and rider safety, and is an independent claim that stands on its own. Four USPTO examiners independently found this claim patentable. Even if Claim 1 were found abstract, the emergency alert signage claim is independently patentable and should survive.

The Magistrate ignored this.

---

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.


OBJECTION 10: Software Changed Hardware (Enfish)


Under Enfish, LLC v. Microsoft Corp. , 822 F.3d 1327 (Fed. Cir. 2016), software that improves computer functionality is patent-eligible. The court recognized that "software can nonetheless make non-abstract improvements to computer technology just as hardware can."


Plaintiff's software changed hardware. Beacons, signage players, Apple Secure Enclave, Google Titan M chips, Uber Beacon, and FIDO security keys were all developed because authentication software required them. If Plaintiff's patent is abstract, why did the world's largest companies spend billions developing dedicated hardware?


The Magistrate ignored this.


---


OBJECTION 11: Token-Based Authentication Improved Networks


Uber's own engineering blogs prove that token-based authentication improved their network. Uber's legacy system used SMS authentication. This system had four major problems: (1) security — hackers could intercept SMS codes through SIM-swapping and phishing; (2) cost — SMS was expensive at global scale; (3) user experience — SMS messages were often delayed or failed; and (4) system reliability — SMS infrastructure could crash under heavy load.


Uber solved all four problems by shifting to token-based authentication. Uber cannot admit in its own blogs that token-based authentication solved these problems and then come to court and say the same technology is abstract.


Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

11/15

The Magistrate ignored this.

---

OBJECTION 12: The Magistrate Ignored Waymo's Secure Coprocessor Patents

Waymo's own patents prove they use secure processors and hardware-isolated memory. If Plaintiff's patent is abstract, why did Waymo spend millions on dedicated hardware?

The Magistrate ignored this.

---

OBJECTION 13: Uber's Legacy SMS System Had Four Major Problems

Uber's legacy SMS system had four major problems: (1) Security — interception, SIM-swapping; (2) Cost — expensive; (3) User Experience — delays, failures; (4) System Reliability — crashes. Uber solved all four by shifting to tokens.

---

OBJECTION 14: Diamond v. Diehr — Physical Control is Patentable

In Diamond v. Diehr , 450 U.S. 175 (1981), the Supreme Court held that a computer-controlled physical process is patentable. Plaintiff's patent controls remote unlock and trip start.

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

---

OBJECTION 15: Uber's Four Patents Prove Judicial Estoppel

Uber told the USPTO the technology is patentable to get four patents. Uber tells this Court the same technology is abstract. In New Hampshire v. Maine , 532 U.S. 742 (2001), a party cannot take inconsistent positions.

---

OBJECTION 16: The International Lawyer Network — Along with Uber — Engaged in Misconduct to Steal My Technology

The international lawyer network — along with Uber — engaged in misconduct to steal my technology patents. The network tried to get Power of Attorney without my signature and forged my signature. The lawyers involved were from the United States, Israel, and India.

The details and evidence are in my exhibits.

The Magistrate cannot ignore this.

---

OBJECTION 17: The USPTO Letter Proves Fraud

The USPTO sent a letter to "Thoughts on Paper" refusing POA without authority. After this denial, the network submitted a fraudulent POA with a forged signature and gained control of Plaintiff's patents. This is fraud.

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

---

## OBJECTION 18: The Uber Executive Video Proves Joint Infringement (Akamai)

Plaintiff submitted an Uber executive unlocking a vehicle and starting a trip from the Uber app. Under Akamai Technologies, Inc. v. Limelight Networks, Inc. , 797 F.3d 1020 (Fed. Cir. 2015), a single entity is liable if it "directs or controls" another's actions. The video proves this.

---

## OBJECTION 19: The "Bad Faith" Finding Is Not Supported

Plaintiff is homeless, pro se, and English is not his first language. He slept on the street to afford printing. He filed what he could 10 minutes before closing. He withdrew exhibits when challenged. Under Haines v. Kerner , 404 U.S. 519 (1972), pro se pleadings are held to "less stringent standards."

---

## OBJECTION 20: The Exhibits Are Evidence — Not Amendment — and Newly Discovered Evidence Cannot Be Punished

Plaintiff discovered Uber's four patents after his opposition. He filed them immediately. He could not have filed them in the first exhibits or second exhibits because he did not have the information at that time.

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

The Magistrate rejected this new evidence and punished Plaintiff for not filing it earlier. This is wrong. Newly discovered evidence cannot be punished. It must be considered.

If the Magistrate rejects all new evidence, no one can ever file newly discovered evidence.

The Magistrate cannot punish Plaintiff for discovering evidence after the deadline.

---

OBJECTION 21: The Magistrate Resolved Factual Disputes Without Evidence (Berkheimer)

In Berkheimer v. HP Inc. , 881 F.3d 1360 (Fed. Cir. 2018), whether claim elements are "well-understood, routine, and conventional" is a question of fact. The Magistrate made this determination without any evidence from Defendants. This is precisely the error Berkheimer prohibits.

---

OBJECTION 22: The Magistrate Ignored Plaintiff's Seven-Year Fight for American Innovation

For seven years, Plaintiff has fought to build this technology — to save drivers' jobs, build a Central Valley hub, and protect American innovation. He filed patents in over forty countries. This fight has left him homeless, but he has not stopped fighting.

---

CLOSING

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X

Case No. 1:25-cv-00814-JLT-HBK
Abu Elreich v. Waymo LLC, et al.

The Magistrate Judge made twenty-two errors. Every single one is wrong. The District Judge should not adopt a single one of them.

She also denied leave to amend. She did this because she claimed Plaintiff acted in bad faith. But Plaintiff never lied to the USPTO. Plaintiff went to the USPTO and swore his patent was not abstract. He said the same thing in court — his patent is not abstract.

Uber is the one who lied. Uber went to the USPTO and said their patents are not abstract and patentable. Then Uber came to court and said the same technology is abstract. That is bad faith. That is inconsistency. That is a lie.

The truth is on Plaintiff's side. The evidence is on Plaintiff's side. The law is on Plaintiff's side.

For the reasons stated above, Plaintiff respectfully requests that the District Judge:

1. REJECT the Magistrate Judge's Findings and Recommendations in their entirety;

2. DENY Defendants' Motion to Dismiss;

3. GRANT Plaintiff leave to file a Second Amended Complaint; and

4. ORDER that the case proceed to discovery.

---

Dated: 07/06/ 2026

Respectfully submitted

Ahmad Abu Elreich

Plaintiff's Objections to Magistrate Judge's Findings and Recommendations (Doc. 70) — Page X