**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AHMAD ABU ELREICH,<br><br>Plaintiff,<br><br>v.<br><br>WAYMO, LLC and UBER TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 1:25-cv-00814 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO FILE EXHIBITS IN SUPPORT OF OBJECTIONS; GRANTING DEFENDANT UBER'S MOTION TO DISMISS AND DENYING DEFENDANT WAYMO'S MOTIONS TO DISMISS AS MOOT<br><br>(Docs. 33, 36, 37, 73) |

## I. INTRODUCTION

Ahmad Abu Elreich is the named inventor and owner of U.S. Patent No. 11,577,691 (the "'691 Patent"). He brings the instant action alleging that the ride-hailing system utilized by Defendants Uber and Waymo infringe the '691 Patent. Uber filed a motion to dismiss, contending, among other things, that all claims of the '691 Patent are invalid under § 101 for patent ineligibility. (Doc. 33 at 7–19.) This motion is joined by Waymo (Doc. 36 at 2.)

On June 22, 2026, the assigned magistrate judge issued findings and recommendations that Defendant Uber's motion to dismiss be granted based on patent ineligibility without leave to amend. (Doc. 70.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On July 6, 2026, Plaintiff filed timely

objections. (Doc. 71.) Defendant responded to those objections. (Doc. 80.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Given that Plaintiff is proceeding pro se and has filed 22 objections, the Court provides some additional explanations herein that are intended to supplement, not supplant, the findings and recommendations.[1]

As a threshold matter, on July 13, 2026, approximately one week after Plaintiff filed his objections, he filed a 203-page document seeking leave to file attached exhibits in support of his objections. (Doc. 73.) The submission is a direct violation of the magistrate judge's order prohibiting the submission of exhibits alongside objections to the findings and recommendations. (Doc. 70 at 13.) Regardless, the Court has considerable discretion to consider or reject evidence presented for the first time in objections to findings and recommendations. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000); *Brown v. Prop. & Cas. Ins. Co. of Hartford*, No. 1:20-CV-00186-JLT-SAB, 2022 WL 951171, at *2 (E.D. Cal. Mar. 30, 2022) (declining to consider new evidence presented with objections in part because plaintiffs made no attempt to explain why the evidence was not presented earlier). Here, though Plaintiff offers reasons why he was unable to file the exhibits at the same time as his objections, he provides no justification for not presenting the exhibits to the magistrate judge for consideration <u>before the findings and recommendations issued</u>. As the Defense points out (Doc. 78 at 3), the exhibits contain information that "has always been available to Plaintiff." The request is therefore **DENIED**.

---

[1] The Court takes judicial notice of all patents and patent applications cited in the Federal Circuit's opinion in *Rideshare Displays, Inc. Squires*, No. 2023-2033, 2025 WL 2751580 (Fed. Cir. Sept. 29, 2025), *cert. denied sub nom. Rideshare Displays, Inc. v. Lyft, Inc.*, No. 25-1132, 2026 WL 1377032 (U.S. May 18, 2026). The Court does so because they are public records whose accuracies are "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b); *GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. 2017) (explaining that a court may take judicial notice of foreign patents and patent applications); *Roche Molecular Sys., Inc. v. Foresight Diagnostics Inc.*, No. 24-cv-03972-EKL, 2025 WL 1963092, at *1 n.3 (N.D. Cal. July 16, 2025) (taking judicial notice of domestic patent applications). The Court also takes judicial notice of all intrinsic evidence of the patent-in-suit. *SEMICAPS Pte Ltd. v. Hamamatsu Corp.*, 393 F. Supp. 3d 802, 806 n.2 (N.D. Cal. 2019) (taking judicial notice of prosecution history).

## II. LEGAL BACKGROUND

Section 101 of Title 35 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. Under the *Mayo*/*Alice* test, federal courts perform a two-step analysis to determine patent eligibility under § 101.

At step one, "[the Court] 'look[s] at the focus of the claimed advance over the prior art to determine if the claim's character as a whole is directed to [a patent eligible] subject matter.'" *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1149 (Fed. Cir. 2019) (quoting *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016)). "In the software context, *Alice* step one often turns on whether the claims focus on the specific asserted improvement in computer capabilities rather than an abstract idea for which computers are invoked merely as a tool." *Trs. of Columbia Univ. in City of New York v. Gen Digital Inc.*, 169 F.4th 1320, 1329 (Fed. Cir. 2026) (citation and quotation marks omitted). "Although the specification is relevant to the construction of the claims, reliance on the specification must always yield to the claim language" when determining whether the claims are directed to an abstract idea. *Id*. (citations and quotation marks omitted).

If the claims are directed to a patent-ineligible abstract idea, the Court assesses, under step two of the *Alice* inquiry, whether the claims possess an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [abstract idea] itself." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014) (cleaned up). This requires the Court to "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo*, 566 U.S. at 79–80) (cleaned up). However, the Court is mindful that the "additional elements[] . . . must be more than well-understood, routine, conventional activity." *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, 177 F.4th 1343, 1356 (Fed. Cir. 2026). The Court is also mindful that *Alice* step two "is a question of law that may be informed by underlying factual

determinations, such as whether a claim limitation or combination of limitations is well-understood, routine, and conventional." *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1357 (Fed. Cir. 2024) (cleaned up).

## III. ANALYSIS

### A. *Alice* Step One

In assessing whether the claims are "directed to" an abstract idea under *Alice* step one, the Federal Circuit has identified the several "well-settled indicators of abstractness." *See Beteiro*, 104 F.4th at 1355; *Vineyard Investigations v. E. & J. Gallo Winery*, No. 1:19-cv-01482-JLT-SKO, 2026 WL 1991815, at *16 (E.D. Cal. July 2, 2026). As relevant here, they include: (a) whether the claims recite generic steps for detecting, receiving, processing, managing, sending, or displaying information, *id*. at 1355–56; *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315–18 (Fed. Cir. 2021); (b) whether "the claims are drafted using largely (if not entirely) result-focused functional language," "containing no specificity about how the purported invention achieves those results[,]" *Beteiro*, 104 F.4th at 1356; (c) whether the claims focus on a specific improvement to computer capabilities or an abstract idea implemented through the use of generic technologies, *Miller Mendel, Inc. v. City of Anna, Texas*, 107 F.4th 1345, 1352 (Fed. Cir. 2024); *Columbia Univ.*, 169 F.4th at 1329; and (d) whether the claims can be "persuasively analogize[d]" to a fundamental human activity, *see Beteiro*, 104 F.4th at 1356; *In re Sturgeon*, 839 F. App'x 517, 519 (Fed. Cir. 2021) (explaining that the abstract idea exception includes "mental processes" and "methods of managing human activity").

For reasons articulated in the Federal Circuit's opinion in *Rideshare Displays*, the findings and recommendations, and below, the Court concludes that the patent is directed to a patent-ineligible method of organizing human activity rather than any improvement in computer capabilities or technologies. Specifically, as in *Rideshare Displays*, the patent-in-suit is directed to a system for vehicle identification which allows users of rideshare apps (*e.g.*, Uber and Lyft) to verify that they are getting into the correct cars, and for drivers to confirm that they are picking up the correct riders. 2025 WL 2751580, at *1. The Court has considered Plaintiff's objections and counterarguments but finds them unpersuasive.

To begin, Plaintiff argues that the patent "implements cryptographic authentication." (Doc. 42 at 3.) The problem for Plaintiff is that the patent *claims* do not recite or otherwise embody an ***improved*** method of authentication, *Columbia Univ*, 169 F.4th at 1329, as the magistrate judge points out, (Doc. 71 at 9), and Defendant reiterates in response (Doc. 77 at 4–5).[2] The use of an "authentication key"—in a generic, non-specific manner[3]—is not enough to distinguish away *Rideshare Displays* due to the lack of technological improvement, *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1346–48 (Fed. Cir. 2021) ("In cases involving authentication technology, patent eligibility often turns on whether the claims provide sufficient specificity to constitute an improvement to computer functionality itself. (discussing cases)), as Defendant points out, (Doc. 46 at 7). Though an authentication key/token must be generated using a physical computer, (Doc. 71 at 7), it does not render a claim non-abstract, *Beteiro*, 104 F.4th at 1359 (noting "many post-*Alice* cases holding that the physicality of what is claimed is not by itself enough to exempt the claims from being directed to an abstract idea" (citations and quotation marks omitted)).

Plaintiff also argues that Defendant's analogy to a taxi fails because rideshare apps are

[2] Indeed, one of the cited prior art references, which is deemed intrinsic evidence, explicitly describes the use of authentication token for controlling access to an autonomous vehicle. *See* U.S. Patent Application Publication No. 2016/0301698 at ¶ [0050]; *dunnhumby USA, LLC v. emnos USA Corp.*, No. 13-cv-0399, 2015 WL 1542365, at *14 (N.D. Ill. Apr. 1, 2015) ("'References Cited'—constitute intrinsic evidence." (citing *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1231 (Fed. Cir. 2011))). Plaintiff's argument that he invented token-based authentication, (*see* Doc. 71 at 4), contradicts intrinsic evidence and is not entitled to the presumption of truth, *see Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) ("In ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014))).

[3] Plaintiff misunderstands the magistrate judge's point that the patent-in-suit does not disclose or specify how to generate an authentication key. (*See* Doc. 71 at 9.) First, because the claims do not require a specific approach to generate one, a skilled artisan may do so in a conventional manner; second, claims that are not limited to a particular method of generating an authentication key may be viewed as result-focused functional claiming. *See Columbia Univ.*, 169 F.4th at 1329; *Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1213 (Fed. Cir. 2025), *cert. denied*, 146 S. Ct. 891 (2025); *see also In re Bd. of Trs. of Leland Stanford Junior Univ.*, 989 F.3d 1367, 1371, 1375 (Fed. Cir. 2021) (holding that non-specific actions like "providing the determined drug in response to a request" from the computer add nothing of significance to an ineligible solve-an-algorithm-on-a-computer claim).

Moreover, Plaintiff's reference to *Amgen Inc. v. Sanofi, Aventisub LLC*, 987 F.3d 1080 (Fed. Cir. 2021), confuses two doctrinal principles in patent law: patent eligibility under § 101 and full-scope enablement under § 112. (Doc. 71 at 9.) The difference between the two is explained in *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1302 (Fed. Cir. 2020).

fully automated. (Doc. 42 at 3; *see also* Doc. 71 at 5 (objecting to the taxi analogy).) However, as Defendants and the findings and recommendations point out, (Doc. 70 at 11–12; Doc. 46 at 6), claims which "focus on [the] 'mere automation of manual processes'" in a generic manner are nonetheless directed to an abstract idea, *PersonalWeb*, 8 F.4th at 1318 (quoting *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017)).

Plaintiff also contends[4] that Uber may not argue that the patent-in-suit is abstract when Uber filed its "own patents on the same technology." (Doc. 71 at 2, 12.)[5] As Defendant points out, (Doc. 55 at 2; Doc. 77 at 8), the Federal Circuit has already rejected a similar argument:

> Appellant additionally argues that, even if the asserted claims are result-oriented, Google similarly uses 'functional claiming' in its own video conferencing patents and thus necessarily believes this approach to claim drafting does not result in subject matter ineligible claims. The subject matter eligibility of Google's patent claims is not before us and has no bearing on our analysis of the '637 patent.

*US Pat. No. 7,679,637 LLC v. Google LLC*, 164 F.4th 1373, 1379 (Fed. Cir. 2026) (internal citations omitted). This or another court may address Defendants' patents if, and when, they are asserted.

Moreover, Plaintiff faults the magistrate judge for not addressing claim 8, which further specifies that a rider may have the option of sending a message to an emergency contact. (Doc. 71 at 9.) However, this argument was never presented to the magistrate judge. (*See* Doc. 70 at 8.) In any event, sending a message to an emergency contact is also a method of organizing human activity (*i.e.*, an abstract idea) rather than an improvement to computer technology.

Finally, Plaintiff argues that the patent recites technological improvements related to network, hardware, and security improvements. (Doc. 42 at 3–4.) However, the findings and

---

[4] As the Defense points out (Doc. 77 at 8), Plaintiff raised this argument for the first time in his objections. In an abundance of caution, and because Plaintiff is pro se, the Court addresses this and certain other arguably "new" arguments herein, while disregarding those new arguments that are entirely irrelevant.

[5] Notably, one of the patents obtained by Uber and discussed by Plaintiff, U.S. Patent No. 12,432,567 (the "'567 Patent"), is a "continuation" of a patent filed in 2017; therefore, it is deemed a prior art reference over the patent-in-suit. Consequently, Plaintiff's argument that his patent is same or similar to the '567 Patent creates an obviousness problem for him. That said, because Plaintiff is proceeding *pro se*, the Court will not construe Plaintiff's argument as a concession of obviousness.

recommendations correctly noted that there is no such improvement on the face of the patent-in-suit. (Doc. 70 at 11.) Instead, Plaintiff merely points to the technological advancements and benefits attained *by Defendants*. (Doc. 42 at 4; Doc. 71 at 10–11.) This, as Defendant points out, (Doc. 46 at 7–8), is a wholly different question from whether the *patent claims* recite or embody those improvements; and whether the *specification* teaches an ordinarily skilled computer/software engineer how to achieve them, *see WhitServe LLC v. Dropbox, Inc.*, 854 F. App'x 367, 372 (Fed. Cir. 2021) ("The specification does not, however, explain the technological processes underlying the purported technological improvement."); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1345 (Fed. Cir. 2018) (explaining that a patent is not directed to a technological solution when it does not teach a skilled artisan how to create the improved system). "Where, as here, the specification 'describes the components and features listed in the claims generically,' it 'support[s] the conclusion that these components and features are conventional.'" *Beteiro*, 104 F.4th at 1358 (quoting *Weisner v. Google LLC*, 51 F.4th 1073, 1083–84 (Fed. Cir. 2022)) (alteration in original).

**B. *Alice* Step Two**

Because the patent claims are directed to an abstract idea, the Court turns to *Alice* step two. The magistrate judge correctly points out that, as in *Rideshare Displays*, the patent-in-suit merely implements an abstract idea using well-known concepts and technologies in computer science. (Doc. 70 at 11.) The Court agrees that the patent "claims to 'an abstract idea implemented on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way' do not suffice at step two." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022) (quoting *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1352 (Fed. Cir. 2016)); *see also Broadband iTV, Inc. v. Amazon.com, Inc.*, 113 F.4th 1359, 1368 (Fed. Cir. 2024) (requiring technological solution to a technological challenge). To the extent there is any improvement that "more easily enables and facilitates human interactions, [] it does not fundamentally alter or improve the way the technology itself functions." *Rideshare Displays*, 2025 WL 2751580, at *6. The discussion below regarding *Alice* step two is limited to issues and

arguments not addressed in *Rideshare Displays* or the findings and recommendations.

First, Plaintiff's invocation of non-obviousness, (Doc. 42 at 1), cannot save the patent-in-suit because the question of obviousness under § 103 is a distinct question of patent eligibility under § 101, *Constellation Designs, LLC v. LG Elecs. Inc.*, 174 F.4th 888, 905 (Fed. Cir. 2026); *see also Ficep Corp. v. Peddinghaus Corp.*, No. 2022-1590, 2023 WL 5346043, at *7 (Fed. Cir. Aug. 21, 2023) ("Questions of nonobviousness such as secondary considerations, however, are irrelevant when considering eligibility." (citations omitted)).[6]

Second, Plaintiff points to *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), and contends that the magistrate judge erred by deciding the question of conventionality under *Alice* step two without accepting any evidence from Defendants. (Doc. 71 at 14.) However, as the magistrate judge noted, it is well established that § 101 eligibility can be determined at the motion to dismiss stage. (Doc. 70 at 5; *see also* Doc. 77 at 12–13.) As alluded to above, there is no possible argument that things like an authentication key/token, a personal computer, a server, a display device, and others are not well-known. *See Cleveland Clinic Found. v. True Health* Diagnostics LLC, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (finding patent ineligible at motion to dismiss stage appropriate because "no proposed construction of any terms or proposed expert

[6] Regardless, the patent is almost certainly obvious. The relevant inquiry asks whether an ordinary software engineer, after considering the relevant prior art references *and after* exercising ordinary skill and creativity expected of him, would have found the patented method to be non-obvious. *See Altoona Publix Theatres v. Am. Tri-Ergon Corp.*, 294 U.S. 477, 486 (1935) ("An improvement to an apparatus or method, to be patentable, must be the result of invention, and not the mere exercise of the skill of the calling or an advance plainly indicated by the prior art." (citing *Elec. Cable Joint Co. v. Brooklyn Edison Co.*, 292 U.S. 69, 79–80 (1934))); *Tveter v. AB Turn-O-Matic*, 633 F.2d 831, 834 (9th Cir. 1980) (Section 103 "excludes adjustments, alterations, and improvements that could be expected to result from the exercise of the skill and ingenuity of a[n ordinary artisan] charged with knowledge of all that is disclosed in prior art."); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415–21 (2007) (discussing the obviousness inquiry; and instructing courts to consider the judgment and creativity of an ordinarily skilled artisan); *see also ABS Glob., Inc. v. Inguran, LLC*, 914 F.3d 1054, 1064–65 (7th Cir. 2019) (Wood, C.J., joined by Barrett and Easterbrook, J.J.) (explaining that the obviousness inquiry established in 1952 merely codified the constitutional standard of invention); *Yoder Bros. v. California-Fla. Plant Corp.*, 537 F.2d 1347, 1378 (5th Cir. 1976) (similar).

Here, claim 1, the representative claim, is nearly identical to the substitute claims that the Federal Circuit evaluated in *Rideshare Displays*, except for the use of an authentication token and user accounts. *See* 2025 WL 2751580, at *3–4. And one of the prior art references cited in *Rideshare Displays*, U.S. Patent No. 9,494,938 col. 8 ll. 12–23, col. 13 ll. 31–43, teaches the use of both. The Court struggles to see any plausible argument that it would not have been obvious to take the patents in *Rideshare Displays* and somehow incorporate the use of an authentication key, a very basic concept in computer science. *See KSR*, 550 U.S. at 417; *Dann v. Johnston*, 425 U.S. 219, 228–30 (1976).

testimony that would change the § 101 analysis").

Third, Plaintiff points to the Supreme Court's decision in *Diehr* for the proposition that "a computer-controlled physical process is patentable." (Doc. 71 at 11 (citing *Diamond v. Diehr*, 450 U.S. 175 (1981)). This argument is irrelevant here because the patent-in-suit is directed to a ride-sharing app, a software program—and it does not control any non-computer-related process (displaying information is an inherent part of many computer-based systems). Nor was this argument raised before the magistrate judge.

Fourth, Plaintiff's argument that the patent-in-suit "solves a real-world safety crisis," (Doc. 71 at 7–8), does not answer the question of whether the patent claims recite a technological solution to a technological problem. An abstract idea implemented on a generic computer or smartphone remains patent ineligible, even if it has real-world benefits. *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) ("Claims that amount to nothing significantly more than an instruction to apply an abstract idea using some unspecified, generic computer and in which each step does no more than require a generic computer to perform generic computer functions do not make an abstract idea patent-eligible." (cleaned up)); *In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022) ("[C]laims to 'an abstract idea implemented on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way' do not pass muster at step two." (quoting *Bascom*, 827 F.3d at 1352)). The findings and recommendations correctly point out that "the claims here at most improve the convenience and user experience of matching a rider with a vehicle in a crowded environment; they do not 'fundamentally alter or improve the way the technology itself functions' and therefore do not provide an inventive concept under *Alice*/*Mayo* step two." (Doc. 70 at 11 (quoting *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020)).

**C. Other Objections**

Plaintiff also made several objections which were not raised in Plaintiff's brief in opposition. (Doc. 42.) First, Plaintiff's allegation that some person or party fraudulently filed a power-of-attorney with the PTO, (Doc. 71 at 12), has no bearing on the technological merits of

the system which undergirds the patent-in-suit. Second, Plaintiff's argument regarding self-driving cars, (Doc. 71 at 8), is irrelevant because the claims are plainly not limited to self-driving cars. Indeed, the specification explicitly states that a vehicle may be operated by a human driver or by a computer. '691 Patent col. 3 ll. 9–10. Third, Plaintiff's reference to the PTO's patent eligibility memorandum regarding the mental step doctrine, (Doc. 71 at 3), is irrelevant because the patent-in-suit is directed to a method of organizing human activity rather than a mental step, *see Rideshare Displays*, 2025 WL 2751580, at *6. Fourth, Plaintiff's "Seven-Year Fight for American innovation" is not connected to any substantive legal issue regarding patent eligibility. (Doc. 71 at 14.) Fifth, the eighteenth objection pertains to joint infringement, an issue that was not addressed by the assigned magistrate judge. (Doc. 71 at 13; Doc. 70 at 2 n.2.)

### D. Leave to Amend

"The [C]ourt considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).[7] The Ninth Circuit has held that "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

The Court finds that granting leave to amend would be futile for the following three reasons. First, as the findings and recommendations point out, (Doc. 70 at 10), "the claims [here] are drafted using largely (if not entirely) result-focused functional language, containing no specificity about how the purported invention achieves those results. Claims of this nature are almost always found to be ineligible for patenting under Section 101." *Beteiro*, 104 F.4th at 1356. Second, the magistrate judge correctly points out, (Doc. 70 at 12), that Plaintiff cannot amend around the plain text of the claims, *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed.

[7] The findings and recommendations merely listed "bad faith" as one of the factors that the Court *may* consider when deciding whether to grant leave to amend. (Doc. 70 at 12.) Contrary to Plaintiff's assertion, (Doc. 71 at 13), the Court sees no indication that the assigned magistrate judge found that Plaintiff acted in bad faith.

Cir. 2023) ("No amendment to a complaint can alter what a patent itself states. In this case, then, our agreement with the district court as to what the patent discloses, and our agreement with the court's application of the *Alice* test, leads inexorably to the conclusion that amendment of the complaint would have been futile."); *Shortridge v. Found. Constr. Payroll Serv., LLC*, No. 14-cv-04850-JCS, 2015 WL 1739256, at *14 (N.D. Cal. Apr. 14, 2015) (denying leave to amend for a pro se plaintiff), *aff'd*, 655 F. App'x 848 (Fed. Cir. 2016). Third, the fact that the Federal Circuit has addressed virtually identical patents in *Rideshare Displays* effectively compels a conclusion by this Court that the patent-in-suit is invalid for want of patentable subject matter under § 101.

For the above reasons, the Court concludes that the asserted patent is **INVALID** for want of patent eligible subject matter and that amendment would be futile.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) The findings and recommendations issued June 22, 2026 (Doc. 70) are **ADOPTED IN FULL**.

(2) Plaintiff's request for leave to file exhibits in support of his objections (Doc. 73) is **DENIED**.

(3) Defendant Uber's Motion to Dismiss (Doc. 33), joined by Defendant Waymo, (Doc. 36), is **GRANTED**.

(4) Defendant Waymo's separate motion to dismiss (Doc. 37) is **DENIED AS MOOT**.

(5) The Complaint is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.

Dated: September 28, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE